[Civ. No. 9240.   Third Dist.   Nov. 26, 1957.]

Estate of JOSEPH RUPLEY, Deceased.   WILLIAM A. RUPLEY, Appellant, v. ELMER O. RUPLEY, Respondent.

'   H. D. Jerrett for Appellant.

Busick & Busick for Respondent.

*Assigned by Chairman of Judicial Council.

WARNE, J. pro tem.*—This is an appeal from an order dismissing a petition to determine heirship filed pursuant to the provisions of section 1080 of the Probate Code. The trial court dismissed the petition on the ground that it was insufficient to invoke the jurisdiction of the court in an heirship proceeding.

Section 1080 of the Probate Code provides:

"When four months have elapsed after the first publication of notice to creditors, and a petition for final distribution has not been filed, the executor or administrator, or any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim or reason and praying that the court determine who are entitled to distribution of the estate. . . ."

█ Appellant's petition shows that the decedent, Joseph Rupley, died testate and that his will is in the process of probate; that Elmer O. Rupley was, at the time of filing of the petition, the administrator of the estate of said decedent; that decedent made no bequest to appellant; that at the time of the death of decedent, Charles Joseph Rupley, a son of decedent and father of the petitioner, was alive; and that Charles Joseph Rupley is now deceased. Appellant further alleged in his petition that he, as a grandson of the decedent, is entitled to 1/25 share of his estate.

Elmer O. Rupley, administrator of the estate of said decedent, filed an answer to said petition wherein he denied that petitioner is an heir, devisee or legatee of decedent and alleged that petitioner was not entitled to have distributed to him any part of said estate. He also alleged his own right as an heir to distribution of a share in said estate and set out the proper distribution of the whole of the distributable property of said estate as he contended it should be, and prayed for a decree accordingly. No other appearance was made. The petition of appellant and the answer of Elmer O. Rupley were sufficient to invoke the jurisdiction of the trial court under the provisions of section 1080 of the Probate Code, and the trial court should have proceeded to determine the issues presented and entered a decree accordingly even though appellant's petition may show on its face that he is not an heir of decedent or a person entitled to dis-

*Assigned by Chairman of Judicial Council.

tribution of any part of said estate. By failing to do so and dismissing the petition, the trial court committed prejudicial error.

The order dismissing the petition is reversed.

Van Dyke, P. J., and Schottky, J., concurred.